**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GARY HRENIUK, | Civil Action No. 11-52 (MLC) |
| Petitioner, | **MEMORANDUM OPINION** |
| v. |  |
| KAREN BALICKI, et al., |  |
| Respondents. |  |

**COOPER, District Judge**

**1.** Petitioner, Gary Hreniuk, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered on September 22, 2000, in New Jersey Superior Court, Middlesex County.  (Dkt. entry no. 6.) The Petition raises one ground:

> TRIAL COUNSEL WAS INEFFECTIVE FOR NOT ASSERTING DIMINISHED CAPACITY AS A DEFENSE.
>
> Supporting Facts:  PRIOR TO OFFENSE, DEFENDANT WAS DIAGNOSED WITH ORGANIC BRAIN DYSFUNCTION, ORGANIC BRAIN DISEASE, AND PROGRESSIVE DEGENERATIVE DEMENTIA. DEFENDANT WAS CHARGED WITH KILLING HIS WIFE.  ALTHOUGH THE JURY HEARD EVIDENCE THAT DEFENDANT WAS INTOXICATED ON ALCOHOL, THE JURY WAS NEVER MADE AWARE OF DEFENDANT'S ORGANIC BRAIN DISEASE BECAUSE TRIAL COUNSEL ABANDONED DIMINISHED CAPACITY AS A DEFENSE.  COUNSEL'S REASON FOR ABANDONING DIMINISHED CAPACITY, I.E., THAT COUNSEL DID NOT WANT THE DEFENSE EXPERT TO BE CROSS-EXAMINED ABOUT ALLEGED ACTS OF DOMESTIC VIOLENCE, IS OBJECTIVELY UNREASONABLE BECAUSE CLINICAL EVIDENCE OF DEFENDANT'S ORGANIC BRAIN DISEASE COULD HAVE BEEN ADMITTED THROUGH THE TESTIMONY OF DEFENDANT'S TREATING CIVILIAN PHYSICIANS

>    WITHOUT EVER RISKING THE INTRODUCTION OF UNPROVEN
>    ALLEGATIONS OF DOMESTIC VIOLENCE.

(Id. at 6.)

    **2.**  On August 3, 2011, Respondents filed an Answer and the record.  (Dkt. entry nos. 11-22.)

    **3.**  Before this Court is Hreniuk's motion to appoint Dr. John J. Verdon, Jr., as an expert and/or to conduct an evidentiary hearing.  (Dkt. entry no. 27.)

    **4.**  Respondents oppose the motion to appoint Dr. Verdon and to grant an evidentiary hearing, arguing that Cullen v. Pinholster, 131 S.Ct. 1388 (2011), prohibits this Court from considering evidence beyond the state court record and that, in any event, 28 U.S.C. § 2254(e)(2) bars an evidentiary hearing.

    **5.**  In his reply, Hreniuk alternatively asks this Court to stay the matter to allow him to return to state court to develop the state court record with respect to Dr. Verdon's testimony.  (Dkt. entry no. 33, at 12.)  Respondents do not oppose this request.

    **6.**  Pinholster held that, where a § 2254 petitioner's claim was adjudicated on the merits in state court proceedings, "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits . . . This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows

that the record under review is limited to the record in existence at that same time - <u>i.e.</u>, the record before the state court." 131 S.Ct. at 1398.  As the federal habeas scheme leaves "primary responsibility" with the state courts, "[i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance". <u>Id.</u> at 1399.  The Court held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." <u>Id.</u> at 1400.

    **7.**  In this case, the parties do not dispute that the New Jersey courts adjudicated Hreniuk's habeas claim on the merits and that 28 U.S.C. § 2254(d) governs his claim.

    **8.**  Respondents correctly point out that review under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." <u>Pinholster</u>, 131 S.Ct. at 1398.  Since this Court has not determined that Hreniuk has satisfied § 2254(d)(1), <u>Pinholster</u> prohibits this Court from appointing an expert and granting an evidentiary hearing at this time.  See <u>Grant v. Lockett</u>, No. 10-3804, 2013 WL 828491, at *5 (3d Cir. Mar. 7, 2013) ("[A]s a

general rule, 'district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d)'") (quoting <u>Brown v. Wenerowicz</u>, 663 F.3d 619, 629 (3d Cir. 2011)).

**9.** Hreniuk argues, alternatively, that this Court should hold his habeas petition in abeyance to allow him to return to state court to develop the record with Dr. Verdon's testimony. (Dkt. entry no. 33, at 12.)  Respondents have not opposed this request.

**10.** District courts "ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion."  <u>Ryan v. Gonzales</u>, 133 S.Ct. 696, 708 (2013) (quoting <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005)); see <u>Enelow v. New York Life Ins. Co.</u>, 293 U.S. 379, 382 (1935) (district court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice").  While the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not deprive district courts of [this] authority . . . it does circumscribe their discretion.  Any solution to this problem must . . . be compatible with AEDPA's purposes."  <u>Rhines</u>, 544 U.S. at 276.  In addition, where a stay is warranted, a district court "should place reasonable time limits on a petitioner's trip to state court and back," since "[w]ithout time limits [on stays],

4

petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." Id. at 277-78.[1]

**11.** In this case, Hreniuk has provided good cause for his failure to present Dr. Verdon's testimony to the Law Division during the evidentiary hearing on his first post-conviction relief petition, i.e., his post-conviction attorney was deficient in failing to call Dr. Verdon and there is a reasonable probability that this failure had an effect on the outcome of the post-conviction relief proceeding. Cf. Martinez v. Ryan, 132 S.Ct. 1309 (2012) (ineffective assistance of post-conviction counsel may establish cause for procedural default of a claim of ineffective assistance of trial counsel). And there is no indication that Hreniuk has engaged in intentionally dilatory litigation tactics. Under these circumstances, granting a stay will not undermine the purposes of the AEDPA. This Court will accordingly grant Hreniuk's request to stay his habeas petition

---

[1] Rhines held that a district court has discretion post-AEDPA to stay a mixed habeas petition (containing some claims that have not been exhausted in the state courts) to allow the petitioner to present his previously unexhausted claims to the state court in the first instance, and then to return to federal court for review of his exhausted petition (without being time-barred). The Court found that it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The precise holding in Rhines does not control this case, as Hreniuk's § 2254 Petition is not a mixed petition.

while he returns to state court in order to attempt to present Dr. Verdon's testimony.

    **12.**  The Court will issue an appropriate Order.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  March 21, 2013